[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13061
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01282-CC


MARGIE G. MCKIBBEN,

Plaintiff – Appellant,


versus

HOME DEPOT U.S.A., INC.,
a Georgia corporation,

Defendant – Appellee,


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 14, 2019)


Before WILSON, JORDAN, and HULL, Circuit Judges.


PER CURIAM:

Margie McKibben appeals the district court's order adopting the magistrate judge's report and recommendation ("R&R") and granting summary judgment in favor of Home Depot on her race and age discrimination claims under state and federal law. Because she did not object to the R&R, and has failed to show that the district court committed plain error, we affirm.

## I

Ms. McKibben, an African-American woman, began working at Home Depot in 1997 as a part-time cashier. In October of 2015, she applied to be a "Pro Desk Cashier"—a full-time position that involved the same duties as a cashier, but involved working with contractors. Ms. McKibben applied because she thought the position involved "more hours, more money, more weekends with benefits."

Ms. McKibben was interviewed by the Operations Manager, Kermice Jackson, who was also an African-American woman. Ms. Jackson ultimately selected Pearl Coronel for the position. Ms. Coronel was a 23-year old woman who had prior experience at the Pro Desk. Ms. Jackson later testified that she hired Ms. Coronel because she performed better in the interview—in part because she was able to answer questions using her prior experience on the Pro Desk—was available to work the required hours, and had a "bubbly" personality.

Ms. McKibben believed that she was passed over for the position because of her race and age. She sued, alleging that Home Depot discriminated against her on

2

the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621. She also claimed that Home Depot intentionally and negligently inflicted emotional distress in violation of state tort law.

After discovery, the magistrate judge issued an R&R recommending that the district court grant Home Depot's motion for summary judgment on all of Ms. McKibben's claims. The magistrate judge first noted that Ms. McKibben failed to submit a response to Home Depot's "Statement of Undisputed Material Facts," and thus deemed undisputed and admitted each of Home Depot's proposed statements of fact. Next, the magistrate judge concluded that Ms. McKibben had failed to establish a *prima facie* case of discrimination because she had not shown that Ms. Coronel was equally or less qualified for the Pro Desk cashier position. And even if she had, Ms. McKibben failed to show that Home Depot's proffered reasons were pretextual. Finally, the magistrate judge concluded that Ms. McKibben had failed to present sufficient evidence to support her emotional distress claims.

The magistrate judge issued a separate order informing the parties of their right to object to the report. The order warned both parties that "[i]f no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to

3

interests-of-justice plain error review."  D.E. 28 at 1–2.  Ms. McKibben did not object and the district court adopted the R&R, granting summary judgment to Home Depot on all of Ms. McKibben's claims.  Ms. McKibben then appealed.

## II

Ms. McKibben asserts that we should review the district court's order *de novo*, as we generally do with orders granting summary judgment.  *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir. 2008).  But, as the magistrate judge informed the parties, any objections to the R&R must be filed with the magistrate judge within the specified time frame would waive appellate review.  *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.").  *See also* Fed. R. Crim. P. 59(b)(2) ("Failure to object [to the magistrate judge's R&R] . . . waives a party's right to review.").  Ms. McKibben did not timely object to the R&R, so we may only review her challenge for plain error, "if necessary in the interest of justice."  11th Cir. R. 3-1.  An error is plain if it was "so obvious and substantial" that the district court should not have permitted it.  *United States v. Prieto*, 232 F.3d 816, 823 (11th Cir. 2000).

Ms. McKibben has not argued that the interests of justice require appellate review of the district court's order for plain error.  But even if she did, there is no

such error here. The district court applied the proper legal standard to what was essentially an uncontested R&R. Ms. McKibben objected to neither the standard applied, nor the facts as summarized by Home Depot in its statement of undisputed facts, nor the analysis of the magistrate judge. On appeal, Ms. McKibben argues afresh that Home Depot discriminated against her based on her age and gender. But she points to no error by the district court that amounts to plain error. Accordingly, we affirm.

## III

For the forgoing reasons, we affirm the district court's order granting summary judgment in favor of Home Depot on all of Ms. McKibben's claims.

**AFFIRMED.**